UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LARRY A. BUNTING, ) | CASE NO. 5:08 CV 1700 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MAGGIE BEIGHTLER, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On July 16, 2008, petitioner pro se Larry A. Bunting filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Bunting is incarcerated in an Ohio penal institution, having been convicted on seven counts of aggravated robbery, pursuant to a guilty plea, in 1996. As grounds for the petition, Bunting asserts: 1) his plea agreement was breached; 2) his counsel was ineffective; 3) his counsel did not file an appeal; and 4) his sentence did not take into account mitigating factors.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal

habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As a threshold matter, it is evident on the face of the petition that it has not been timely filed. Bunting's 2006 motion to vacate/modify sentence cannot "retrigger" the statute of limitations, some 10 years after conviction, for bringing a federal habeas action. Searcy v. Carter, 246 F.3d 515 (2001); Winkfield v. Bagley, 66 Fed.Appx. 578, 2003 WL 21259699 (May 28, 2003). Further, the sentencing rules set forth in Blakely v. Washington, 542 U.S. 296 (2004) do not apply retroactively in collateral habeas proceedings in any event. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

2

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
SEP 11 2008
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[1] This court is aware of <u>Day v. McDonough</u>, 547 U.S. 198, 210 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.

3